1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| JUANITA OLSON, individually and on behalf of all others similarly situated,<br><br>                 Plaintiff,<br><br>   vs.<br><br>PREMERA BLUE CROSS,<br><br>                Defendant. | No. C15-588<br><br><br>**COMPLAINT – CLASS ACTION**<br><br><br>**JURY DEMAND** |

Plaintiff Juanita Olson, individually and on behalf of all others similarly situated, based on personal knowledge as to her own acts and experiences and on investigation of counsel as to all other matters, alleges as follows:

## INTRODUCTION

1.     Plaintiff Juanita Olson brings this case individually and on behalf of all others similarly situated whose personal identifying information, financial information, and/or medical records were compromised as a result of a data breach that occurred at Premera Blue Cross ("Premera" or "Defendant") on or around May 5, 2014.

2.     Unlike data breaches where only credit card information is stolen, Premera's breach exposed Social Security numbers, birth dates, names, addresses, and private claims date

COMPLAINT
No. C15-588

- 1 -

including medical data. Medical data and personal identifying information (such as social security numbers and birth dates) are especially valuable to cyber criminals because they cannot be changed or canceled (unlike credit cards) and can be used to create false records, including for identity theft.[1]

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005, because the matter in controversy exceeds $5 million, exclusive of interest and costs, and is a class action in which some members of the Class are citizens of states different than Defendant. *See* 28 U.S.C. § 1332(d)(2)(A). This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

4.      This Court has personal jurisdiction over Defendant as its corporate headquarters and principal place of business are located in this District. Defendant has sufficient minimum contacts with the state of Washington and intentionally avails itself of the consumers and markets within the state through the promotion, marketing, and sale of its insurance-related services.

5.      Venue properly lies in this district pursuant to 28 U.S.C. § 1391(a)(2) because Defendant conducts substantial business in this district and is deemed to be a citizen of this district. A substantial part of the events and/or omissions giving rise to the claims occurred, in whole or in part, within this district.

## PARTIES

6.      Plaintiff Juanita Olsonm, who resides in Des Moines, Washington, obtained healthcare coverage from Premera Blue Cross around August 2006, at which point Premera began collecting and storing on an ongoing basis her personal, financial, and medical information. Olson kept her healthcare coverage through Premera until around November 2014.

---

[1]     Blog by Warwick Ashford, Premera hack exposes 11 million financial and medical records, ComputerWeekly.com, Mar. 18, 2015, 09:45.

**LAW OFFICES OF**
**CLIFFORD A. CANTOR, P.C.**
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

Around May 13, 2014, Ms. Olson experienced identity theft in which someone else attempted to use her private information in two instances. Ms. Olson has been harmed from the compromise and publicity of her personal, financial, and medical information as a direct and proximate result of the May 5, 2014 malware attack (described below), including by identity theft and the time she spent addressing the consequences of the breach.

7.      Defendant Premera Blue Cross is a Washington corporation with its headquarters and principal place of business in Mountlake Terrace, Washington. Premera is a Blue Cross Blue Shield affiliate that operates primarily in Washington and Alaska. As an insurance provider, Premera is a "covered entity"[2] subject to rules under the Health Insurance Portability and Accountability Act of 1996, Pub. L. 104-191, 110 Stat. 1936 ("HIPAA") requiring that Premera protect the privacy and security of health information of its subscribers. Additionally, as an insurer (which expressly includes health care service contractors), Premera is a "third-party payor" under Washington's Uniform Health Care Information Act, RCW § 70.02 010(43).

## GENERAL ALLEGATIONS

**Premera's Conduct Prior to the Data Breach**

8.      Premera Blue Cross is engaged in the business of insurance. In connection with that business, Premera requires that subscribers, such as Plaintiff and class members, provide certain personal, financial, and medical information. Premera makes representations regarding confidentiality of private medical, financial, and personal information. For example, Premera's current privacy policy states, "[a]t Premera Blue Cross, we are committed to maintaining the confidentiality of your medical and financial information." Premera represents that it "take[s] steps to secure our … electronic systems from unauthorized access." Premera further promises "[o]ur privacy policy and practices apply equally to personal information about current and

---

[2]      45 C.F.R. 160.103.

COMPLAINT
No. C15-588

- 3 -

former members; we will protect the privacy of your information even if you no longer maintain coverage through us."[3]

9.      Premera also provides healthcare coverage services to certain federal government employees. In connection with the provision of those services, Premera's data security systems are audited by the federal government for compliance with federal law and industry practices.

10.     In the month prior to the May 5, 2014 attack by identity thieves, on April 17, 2014 the United States Office of Personal Management ("OPM") concluded an investigation into Premera's security practices by providing Premera with a draft audit report that outlined ten areas of vulnerability of Premera's electronic and computer security systems and made recommendations for immediate implementation to secure the systems. The OPM determined that Premera was not in compliance with many standards of data security.[4]

11.     Among Premera's vulnerabilities and non-compliant practices, the OPM identified that Premera's failure to promptly install updates and security patches to network systems "increases the risk that vulnerabilities will not be remediated and sensitive data will be breached."[5] Premera responded that it would not completely address this serious security issue until December 31, 2014, over eight months later. In November 2014, Premera announced it would make no changes to its patch updates procedures.

12.     The OPM also reported that Premera used several types of out-of-date software, some of which were no longer even supported by their vendors and others that had known security vulnerabilities. The OPM informed Premera that use of such software made Premera's systems vulnerable to "malicious code such as viruses and worms," which could be used by

---

[3]      Premera Blue Cross, Notice of Privacy Policies, Sept. 23, 2013 ver., *at* https://www.premera.com/wa/visitor/privacy-policy/ (last visited Apr. 12, 2015).
[4]      *See* U.S. OFFICE OF PERSONNEL MANAGEMENT, FINAL AUDIT REPORT, AUDIT OF INFORMATION SYSTEMS GENERAL AND APPLICATIONS CONTROL AT PREMERA BLUE CROSS 3 (Nov. 18, 2014), *available at* https://www.documentcloud.org/documents/1688453-opm-audit.html (last visited Apr. 12, 2015).
[5]      *See id.* at 6.

COMPLAINT
No. C15-588

- 4 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

hackers to compromise Premera's systems. Premera responded that it would investigate and remediate this issue, but did not agree to do so until December 31, 2014.

13.     The OPM also reported that Premera's operating systems were insecurely configured. The OPM specifically warned Premera that insecure configurations could allow hackers or unprivileged users to infiltrate Premera's system, escalate their privileges, and use those privileges to obtain any number of sensitive, proprietary, and confidential information.

**Premera's Conduct During and After the Data Breach**

14.     On or about May 5, 2014, weeks after these serious warnings, Premera's computer systems were breached by hackers who installed malicious software known as "malware" on Premera's systems and obtained private medical records, including clinical data, member names, dates of birth, email addresses, physical addresses, telephone numbers, Social Security numbers, member identification numbers, and bank account information (the "Compromised Data") affecting 11 million people, including minors. According to Premera, this malware remained active on Premera's security systems for over eight months – through at least January 2015. This breach affected all persons who, from the period of 2002 through 2015, had healthcare coverage insured or administered or processed through Premera, Premera Blue Cross Blue Shield of Alaska, and their affiliate brands Vivacity and Connexxion Insurance Solutions, Inc.[6]

15.     The malware was active on Premera's computer systems until at least January 2015, at approximately which time Premera finally detected the malware on its systems and claims to have taken the necessary actions to eliminate it from its systems.

16.     Yet, Premera failed to notify its customers until late March 2015 that their private personal, financial, and medical identification information was compromised, published, and exposed, and failed to warn the victims of the risk of identity theft or the exposure of their medical records.

---

[6]     http://www.premeraupdate.com/ (last visited Apr. 12, 2015).

COMPLAINT
No. C15-588

- 5 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

17.     Purportedly, on March 17, 2015, Premera began to send notification letters to those affected.

**Premera's Compliance with HIPAA Privacy Rule and the Washington Uniform Health Care Information Act**

18.     Premera breached its duty of care owed to Plaintiff and members of the Class by exposing private medical and treatment data in violation of HIPAA.

19.     Health insurers, such as Premera, are required by federal law to comply with HIPAA standards regarding the privacy of individually identifiable personal medical data. A disclosure of individually identifiable personal medical data that occurs as a result of "a failure to apply reasonable safeguards or the minimum necessary standard" is a violation of HIPAA's privacy rule.

20.     Prior to, during, and after the time of the data breach, as demonstrated by the OPM audit report and Premera's responses, Premera did not apply reasonable safeguards to protect its electronic systems.

21.     Premera failed to comply with HIPAA requirements by, *inter alia*, failing to routinely update its security patches, hotfixes, and updates, using outdated software with known security vulnerabilities, and not sufficiently updating its operating systems, all of which made Premera vulnerable to the attack that occurred on May 5, 2014.

22.     The purpose of the HIPAA Privacy Rule is to provide "a floor of national protections for the privacy of their most sensitive information—health information." 67 Fed. Reg. 53182, 45 C.F.R. Parts 160 & 164 (Aug. 14, 2002).

23.     Because HIPAA serves as a floor for protection guidelines, the legislature specifically intended that its requirements may be expanded by state and local legislatures.

24.     These standards require that health insurers, such as Premera, protect against the known threat of hackers, and maintain updated software on all systems that may be vulnerable to attack.

COMPLAINT
No. C15-588

- 6 -

**LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.**
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

25.     Washington's Uniform Health Care Information Act, RCW ch. 70.02, also protects health information from disclosure and sets the standard for duty of care. That law requires that third-party payors, such as Premera, "shall not release health care information disclosed under this chapter" unless it otherwise meets certain enumerated exceptions, none of which are applicable in this instance. RCW § 70.02.045 (emphasis added).

26.     Accordingly, by not complying with HIPAA, the Washington Uniform Health Care Information Act, and standard industry security procedures, otherwise failing to take adequate and reasonable measures to ensure its computer systems were protected against data theft, and failing to take actions that could have prevented the breach, Premera did not comply with its duty to protect personal medical, financial, and identification information.

27.     Premera's failure to meet the required standard of care resulted in the disclosure of Plaintiff's and Class Members' private medical, financial, and personal information, all of which exposed Plaintiff and Class members to identity theft, thereby proximately causing the damages suffered by Plaintiff and the Class.

28.     Premera failed to disclose to Plaintiff and members of the Class that its computer systems and security practices were inadequate to reasonably safeguard the medical, financial, and personal information of Plaintiff and the Class, and, as set forth above, failed to promptly and accurately notify its subscribers about the malware attack and resulting data breach of their medical, financial, and personal information. As a direct proximate result of Premera's conduct, Plaintiff and members of the Class were injured and suffered and continue to suffer damages.

**Premera Failed to Disclose Material Facts to Plaintiff and the Class**

29.     Premera failed to inform or disclose to the public, including Plaintiff and members of the Class, material facts that would have influenced the purchasing decisions of Plaintiff and Class members.

30.     Premera failed to disclose to the public, including Plaintiff and members of the Class, that its computer and network systems and security practices were inadequate and not up to industry standards regarding the safeguarding of the medical, financial, and personal

COMPLAINT
No. C15-588

- 7 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

1   identifying information of Plaintiff and the Class. Premera inaccurately represented that its

2   electronic systems were secure and that the medical, financial, and personal data that Premera

3   stored was adequately protected.

4       31.     Premera failed to disclose timely and accurate details about the true nature and

5   extent of the malware attack and consequent compromise of personal medical, financial, and

6   identifying information.

7       32.     Had Premera disclosed to Plaintiff and members of the Class that it did not have

8   adequate computer system software and attendant security practices to secure subscribers'

9   medical, financial, and personal information, Plaintiff and the Class would not have paid as

10  much as they did for health insurance coverage with Premera or would not have purchased

11  healthcare coverage through Premera at all.

12      33.     Premera did nothing to rid its systems of the malware that caused the data breach

13  and continued to expose the medical, financial, and personal from Plaintiff and Class members

14  long after Premera knew or should have known that its systems were being or had been attacked

15  by malware and that the breach, theft and sale and/or other distribution of the medical, financial,

16  and personal information of Plaintiff and the Class by hackers was imminent. Premera continued

17  to do this while not disclosing the nature and extent of the data breach to Plaintiff and the Class.

18      34.     As a large sophisticated healthcare provider, Premera recognizes that its

19  subscribers' medical, financial, and personal information is highly sensitive, must be protected,

20  and, as required by federal and state law, is prohibited from disclosure absent special

21  circumstances not present in this instance.

22  **The Medical, Financial, and Personal Information of Plaintiff and the Class is Valuable**

23      35.     The medical, financial and personal information of subscribers, including that of

24  Plaintiff and members of the Class, is of great value to criminals.

25      36.     The FTC warns the public to pay particular attention to how they keep personally

26  identifying information: Social Security numbers, financial information, and other sensitive data.

27  As the FTC notes, "[t]hat's what thieves use most often to commit fraud or identity theft."

28  COMPLAINT
    No. C15-588

    - 8 -

37.     Both the federal and Washington State governments recognize that this is especially true as it applies to medical records, which, like Social Security numbers, are particularly private and sensitive, as well as valuable on the black market.

38.     The information stolen from Premera, including Plaintiff's and Class members' medical, financial, and personal information, is extremely valuable to thieves. As the FTC recognizes, once identity thieves have personal information, "they can drain your bank account, run up your credit cards, open new utility accounts, or get medical treatment on your health insurance."

39.     Some cybersecurity experts estimate that medical data is worth 10 times that of credit card data on the black market.[7] Criminals can use the stolen information to create fake identities to buy medical equipment or drugs for resale, or make fraudulent claims with insurers.

40.     At a December 1, 2011 panel of cybersecurity experts, a panel estimated that a single person's medical record was worth approximately $50 on the cyber black market.[8]

41.     The other data released in this data breach, such as name, address, and Social Security numbers, have significant monetary value as well – especially when bundled together.

42.     Accordingly, the total value of the data maintained by Premera and exposed, released, and published in this breach amounts to at least hundreds of millions of dollars.

43.     Medical, financial, and personal information such as that released in this data breach is highly coveted by and a frequent target of hackers. Legitimate organizations and the criminal underground alike recognize the value of such data. Criminals seek medical, personal, and financial information of victims such as Plaintiff and Class members because they can use biographical data to perpetuate thefts.

---

[7]     Caroline Humer & Jim Finkle, *Your Medical Record Is Worth More to Hackers Than Your Credit Card*, REUTERS, Sept. 24, 2014, at http://www.reuters.com/article/2014/09/24/us-cybersecurity-hospitals-idUSKCN0HJ21I20140924.

[8]     Cole Petrochko, *DHC: EHR Data Target for Identity Thieves*, MEDPAGE TODAY, Dec. 7, 2011, at http://www.medpagetoday.com/PracticeManagement/InformationTechnology/30074.

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

44.     The ramifications of Premera's failure to keep Plaintiff's and Class members' medical, financial, and personal information secure are severe. Identity theft occurs when someone uses another person's medical, financial, and personal information, such as that person's name, address, Social Security number, medical and insurance information, financial information, and other information, without permission to commit theft or fraud or other crimes.

45.     According to data security experts, one out of three data breach notification recipients become a victim of identity fraud.

46.     Identity thieves can use personal information such as that of Plaintiff and the Class, which Premera failed to keep secure, to perpetuate a variety of crimes that harm the victims including making purchases, immigration fraud, obtaining a driver's license or identification card in the victim's name but with another's picture, using the victim's information to obtain government benefits, filing insurance claims, purchasing drugs or medical devices, filing a tax return using the victim's information to obtain a refund, obtaining a loan tied to the victim's credit and personal information, and opening other accounts in the name of the victim. The United States government and privacy experts acknowledge that it may take years for identity theft to come to light. That is particularly true where, as here, some members of the Class are minors.

47.     In addition, identity thieves may get medical services using consumers' lost information or commit any number of other frauds, such as obtaining a job, procuring housing, or even giving false information to police during an arrest.

48.     A cyber black market exists in which criminals openly post and sell stolen medical records, financial information, Social Security numbers, and other personal information on a number of Internet sites, typically those found in the "deep web" or "darknet" of the Internet.

49.     Plaintiff suffered from and was inconvenienced by identity theft shortly after the Premera data breach.

COMPLAINT
No. C15-588

- 10 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

50.     Because Premera did not adequately protect Plaintiff's and Class members'

medical, financial, and personal information, Plaintiff's and Class Members' data has or may

have been sold on the black market and utilized to commit identity theft, such as the types

outlined above. Plaintiff and Class Members will continue to suffer ongoing harm as a result of

the breach of Premera's computer and network systems.

## CLASS ALLEGATIONS

51.     Plaintiff brings this case individually and as a class action pursuant to FED. R.

CIV. P. 23(a) and 23(b)(3), on behalf of the following nationwide class (the "Nationwide Class"):

> All persons whose medical, financial, and/or personal information was compromised as a
> result of the data breach disclosed by Premera on March 17, 2015.

52.     In the alternative to the Nationwide Class, and pursuant to FED. R. CIV. P.

23(c)(5), Plaintiff seeks to represent the following state subclass (the "Washington Class"):

> All persons residing in Washington or who sought healthcare treatment in Washington
> whose medical, financial, and/or personal information was compromised as a result of the data
> breach disclosed by Premera on March 17, 2015.

53.     The rights of each member of the Class were violated in a similar fashion based

upon Premera's uniform conduct.

54.     This action has been brought and may be properly maintained as a class action

with respect to the Nationwide Class and Washington Class (collectively, the "Class") for the

following reasons:

a.     <u>Numerosity</u>: Members of the Class are so numerous that their individual joinder is

impracticable, as the proposed Class appears to include millions of members who

are geographically dispersed. While the precise number of Class members has not

yet been determined, Premera has admitted that the medical, financial, and/or

personal identification records of eleven million Class members were likely

compromised in the data breach.

COMPLAINT
No. C15-588

- 11 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

b.　　<u>Existence and Predominance of Common Questions of Fact and Law</u>: Common questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting individual Class members. These common legal and factual questions include, but are not limited to, the following:

i.　　whether Premera engaged in the wrongful conduct alleged herein;

ii.　　whether Premera owed a duty to Plaintiff and members of the Class to adequately protect their medical, financial, and personal information and to provide timely and accurate notice of the data breach to Plaintiff and the Class;

iii.　　whether Premera breached its duties to Plaintiff and the Class by failing to provided adequate data security, and whether Premera breached its duty to Plaintiff and the Class by failing to provide timely and accurate notice to Plaintiff and the Class about the breach;

iv.　　whether Premera violated HIPAA, thereby breaching its duties to Plaintiff and the Class;

v.　　whether Premera violated the Washington Uniform Health Care Information Act;

vi.　　whether Premera knew or should have known that its computer and network systems were vulnerable to attack from hackers;

vii.　　whether Premera's conduct, including its failure to act, resulted in or was the proximate cause of the breach of its computer and network systems, resulting in the loss of approximately eleven million subscribers' medical, financial, and personal information;

viii.　　whether Premera wrongfully failed to inform Plaintiff and members of the Class that it did not maintain computer software and other security procedures sufficient to reasonably safeguard

COMPLAINT
No. C15-588

- 12 -

consumer financial and personal data; and whether Premera failed to inform Plaintiff and the Class of the data breach in a timely and accurate manner;

    ix.    whether an implied contract existed between Premera and Plaintiff and members of the Class regarding Premera's safeguarding of the medical, financial, and personal information of Plaintiff and the Class;

    x.    whether Premera breached its implied contracts with Plaintiff and members of the Class by failing to safeguard the medical, financial, and personal information of Plaintiff and the Class;

    xi.    whether Plaintiff and members of the Class suffered injury as a proximate result of Premera's conduct or failure to act; and

    xii.    whether Plaintiff and the Class are entitled to recover actual damages or equitable relief.

    c.    <u>Typicality</u>: Plaintiff's claims are typical of the claims of the Class. Plaintiff and all members of the Class were injured through Premera's uniform misconduct. The same event and conduct that gave rise to Plaintiff's claims are identical to those that give rise to the claims of every other Class member because Plaintiff and each member of the Class had their data compromised in the same way by the same conduct by Premera.

    d.    <u>Adequacy</u>: Plaintiff is an adequate representatives of the Class because her interests do not conflict with the interests of the Class that she seeks to represent; Plaintiff has retained counsel competent and highly experienced in class-action litigation; and Plaintiff and her counsel intend to prosecute this action vigorously. The interests of the Class will be fairly and adequately protected by Plaintiff and her counsel.

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

e.   Superiority: A class action is superior to other available means of fair and efficient adjudication of the claims of Plaintiff and the Class. The injury suffered by each individual Class member is relatively small in comparison to the burden and expense of individual prosecution of complex and expensive litigation. It would be very difficult if not impossible for members of the Class individually to effectively redress Defendant's wrongdoing. Even if Class members could afford such individual litigation, the court system could not. Individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties, and to the court system, presented by the complex legal and factual issues of the case. By contrast, the class-action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## COUNT I

**Violation of Washington Data Breach Notification Law, RCW § 19.255.010**
**(Individually and on behalf of the Nationwide Class or,**
**in the alternative, the Washington Class)**

55.   Plaintiff realleges and incorporates all previous allegations.

56.   Premera Blue Cross is a non-profit corporation that conducts business in the State of Washington.

57.   In its ordinary course of business, Premera maintains computerized data that contains medical, financial, and personal data owned by Plaintiff and members of the class.

58.   In January 2015, at the latest, Premera discovered a data breach resulting in unauthorized acquisition of Plaintiff's and Class members' computerized data maintained and stored by Premera that compromised the security, confidentiality, or integrity of medical, financial, and personal information.

**LAW OFFICES OF**
**CLIFFORD A. CANTOR, P.C.**
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

59.     Such breach caused Plaintiff's and the Class members' personal information –
specifically including first and last names in combination with Social Security numbers – to be
disclosed to an unauthorized person or persons.

60.     Premera did not publicly announce that breach until March 17, 2015, which was
longer than "the most expedient time possible and without unreasonable delay, consistent with
the legitimate needs of law enforcement … or any measures necessary to determine the scope of
the breach and restore the reasonable integrity of the data system."

61.     Premera's failure to timely notify Plaintiff and members of the Class that their
medical, financial and personal information was obtained by an unauthorized person or persons
violate RCW § 19.255.010, and the delay between the date of intrusion and the date Premera
disclosed the data breach further evidence Premera's negligence in failing to exercise reasonable
care in safeguarding and protecting Plaintiff's and Class members' medical, financial, and
personal information in Premera's possession.

62.     Plaintiff and members of the Class suffered injuries and losses described herein as
a proximate result of Premera's conduct resulting in the data breach, including Premera's lack of
adequate reasonable and industry-standard security measures, and delay in notifying Plaintiff and
Class members of the breach.

## COUNT II

### Negligence

**(Individually and on behalf of the Nationwide Class or,**
**in the alternative, the Washington Class)**

63.     Plaintiff realleges and incorporates all previous allegations.

64.     Premera owed a duty to Plaintiff and the Class to maintain confidentiality and to
exercise reasonable care in safeguarding and protecting their medical, financial, and personal
information in Premera's possession from being compromised by unauthorized persons. This
duty included, among other things, designing, maintaining, and testing Premera's security
systems to ensure that Plaintiff's and Class members' medical, financial, and personal

COMPLAINT
No. C15-588

- 15 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

1   information in Premera's possession was adequately protected. Premera further owed a duty to

2   Plaintiff and Class members to implement processes that would detect a breach of its security

3   system in a timely manner and to timely act upon warnings and alerts, including those generated

4   by its own security systems.

5        65.    Premera owed a duty to Plaintiff and members of the Class to provide security

6   consistent with industry standards and requirements, to ensure that its computer systems and

7   networks, and the personnel responsible for them, adequately protected the medical, financial,

8   and personal information of Plaintiff and members of the Class whose confidential data Premera

9   obtained.

10        66.    Premera owed a duty to timely and accurately disclose to Plaintiff and members

11   of the Class that their medical, financial, and personal information had been or was reasonably

12   believed to have been compromised. Timely disclosure was required, appropriate, and necessary

13   so that, among other things, Plaintiff and members of the Class could take appropriate measures

14   to avoid identity theft if possible.

15        67.    Premera knew, or should have known, of the risks inherent in collecting and

16   storing the medical, financial, and personal information of Plaintiff and members of the Class

17   and of the critical importance of providing adequate security of that information.

18        68.    Premera's conduct created a foreseeable risk of harm to Plaintiff and members of

19   the Class. This conduct included but was not limited to Premera's failure to take the steps and

20   opportunities to prevent and stop the data breach as described in this complaint. Premera's

21   conduct also included its decision not to comply with industry standards for the safekeeping and

22   maintenance of the medical, financial, and personal information of Plaintiff and Class members.

23        69.    Premera breached the duties it owed to Plaintiff and members of the Class by

24   failing to exercise reasonable care and implement adequate security systems, protocols, and

25   practices sufficient to protect the medical, financial, and personal information of Plaintiff and

26   members of the Class, as identified above. This breach was a proximate cause of injuries and

27   damages suffered by Plaintiff and Class members.

28   COMPLAINT
No. C15-588

- 16 -

## COUNT III

**Breach of Contract**

**(Individually and on behalf of the Nationwide Class or,**

**in the alternative, the Washington Class)**

70.     Plaintiff realleges and incorporates all previous allegations.

71.     Premera invited Plaintiff and the Class to obtain Premera insurance-related services. Plaintiff and the Class accepted Premera's offers and obtained Premera insurance-related services.

72.     In order to provide those insurance-related services, Premera obtained Plaintiff's and the Class's medical, financial, and personal information. Premera entered into implied contracts with Plaintiff and the Class pursuant to which Premera agreed to safeguard and protect such information and to comply with all applicable laws and standards relating to this type of confidential data.

73.     Each time Premera obtained Plaintiff's and the Class's medical, financial or personal information, it was pursuant to the implied contracts with Premera under which Premera agreed to safeguard and protect that data, to comply with all applicable federal and state laws and industry standards in connection with this type of confidential data, to comply with its own privacy policy which promised to prevent access to personal information except by authorized persons, and to timely and accurately notify them if such information was compromised and breached.

74.     Plaintiff and the Class would not have entrusted their medical, financial, and personal information to Premera in the absence of this contract between them and Premera.

75.     Plaintiff and the Class fully performed their obligations under the contracts with Premera.

76.     Premera breached the contracts it made with Plaintiff and Class members by failing to safeguard and protect the medical, financial, and personal information of Plaintiff and

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

the Class and by failing to provide timely and accurate notice to them that their medical, financial, and personal information was compromised as a result of Premera data breach.

77.    The losses and damages sustained by Plaintiff and the Class members as described in this complaint were the direct and proximate result of Premera's breaches of the contracts between Premera and Plaintiff and the Class.

## COUNT IV

### Breach of Washington Uniform Health Care Information Act, RCW ch. 70.02
### (Individually and on behalf of the Nationwide Class or,
### in the alternative, the Washington Class)

78.    Plaintiff realleges and incorporates all previous allegations.

79.    Premera is a third-party provider within the meaning of RCW § 70.02.045 and maintains medical information as defined by RCW § 70.02.010.

80.    In violation of RCW § 70.02.045, Premera misused and disclosed medical information regarding Plaintiff and the Class without written authorization that complied with the requirements of RCW § 70.02.045.

81.    Plaintiff and the Class suffered damages from the improper disclosure of their medical information. As such, Plaintiff and the Class seek all relief available under RCW § 70.02.170.

## COUNT V

### Unjust Enrichment
### (Individually and on behalf of the Nationwide Class or,
### in the alternative, the Washington Class)

82.    Plaintiff realleges and incorporates all previous allegations. This claim is plead in the alternative to the contract based claim.

83.    Plaintiff and the Class conferred a monetary benefit on Premera in the form of monies paid for the purchase of insurance-related services from Premera during the period of the Premera data breach.

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

84.     Premera appreciates or has knowledge of the benefits conferred directly upon it by Plaintiff and the Class.

85.     The monies that Plaintiff and the Class paid to Premera for insurance-related services were supposed to be used by Premera, in part, to pay for reasonable data security and protection for Plaintiff and the Class.

86.     Premera failed to provide reasonable security, safeguards, and protection to the medical, financial, and personal information of Plaintiff and the Class members and, as a result, Plaintiff and the Class members overpaid Premera.

87.     Under principles of equity and good conscience, Premera should not be permitted to retain those excess funds because Premera failed to provide adequate safeguards and security measures to protect Plaintiff's and the Class's medical, financial, and personal information.

88.     Plaintiff and the Class have conferred directly upon Premera an economic benefit in the nature of monies received for security that Premera did not provide, to the economic detriment of Plaintiff and the Class.

89.     The financial benefits derived by Premera rightfully belong to Plaintiff and the Class.

90.     Premera should be compelled to disgorge into a common fund for the benefit of Plaintiff and the Class all inequitable proceeds that Premera received.

91.     A constructive trust should be imposed upon all inequitable sums received by Premera traceable to Plaintiff and the Class.

92.     Plaintiff and the Class have no adequate remedy at law.

## COUNT VI

### Invasion of Privacy

### (Individually and on behalf of the Nationwide Class or, in the alternative, the Washington Class)

93.     Plaintiff realleges and incorporates all previous allegations.

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

94.     Plaintiff and the Class have privacy rights in their medical records and personal and financial information.

95.     Premera publicized the private medical, financial, and personal information of Plaintiff and the Class by making such information accessible to non-authorized persons.

96.     Due to Premera's conduct causing the data breach, medical, financial, and personal private information of Plaintiff and the Class have been exposed to criminals on the cyber black market.

97.     Unauthorized persons did view at least one record, as Plaintiff Olson suffered from identity theft.

98.     The publicity of Plaintiff's and the Class's medical, financial, and personal information is highly offensive.

99.     Plaintiff's and the Class's medical, financial, and personal information are not of legitimate concern to the public.

100.    Plaintiff and members of the Class were harmed by this invasion of privacy as a result of the harm to their interest in privacy resulting from the invasion and damage incurred as a result of time, effort, and expense to address this invasion of privacy and protect against further invasion and publication.

## COUNT VII

### Violation of Washington Consumer Protection Act, RCW ch. 19.86
### (Individually and on behalf of the Nationwide Class or,
### in the alternative, the Washington Class)

101.    Plaintiff realleges and incorporates all previous allegations.

102.    The purpose of Washington Consumer Protection Act, RCW § 19.86.010 et seq. ("CPA") is "to protect the public and foster fair and honest competition …" The act is "liberally construed" to serve its beneficial purposes. RCW § 19.86.920.

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

103.   To achieve its goals, the CPA prohibits any person from using "unfair methods of competition or unfair or deceptive acts or practices in the conduct of any trade or commerce ..." RCW § 19.86.020.

104.   In the context of the CPA, pleading and proof of an unfair or deceptive act or practice bears no resemblance to pleading and proof of common-law fraud. It can be predicated on an act or practice that has the capacity to deceive the public; or an unfair or deceptive act or practice not regulated by statute but in violation of public interest. An act or practice can be unfair without being deceptive and still violate the CPA.

105.   Premera, by failing to maintain sufficient security to keep Plaintiff's and the Class's confidential medical, financial, and personal data from being hacked and taken by others engaged in wrongful conduct that was both unfair and deceptive within the meaning of the CPA.

106.   Premera's wrongful practices occurred in the conduct of trade or commerce.

107.   Premera's wrongful practices were and are injurious to the public interest because those practices were part of a generalized course of conduct on the part of Premera that applied to all Class members and were repeated continuously before and after Premera obtained confidential medical, financial, and personal data concerning Plaintiff. All Class members have been adversely affected by Premera's conduct and the public was and is at risk.

108.   As a result of Premera's wrongful conduct, Plaintiff and the Class members were injured in their business or property in that they never would have allowed their sensitive and personal data – property that they have now lost – to be provided to Premera if they had been told or knew that Premera failed to maintain sufficient security to keep such data from being hacked and taken by others.

109.   Premera's unfair and/or deceptive conduct proximately caused Plaintiff Olson's and the Class's injury because, had Premera maintained the sensitive information with adequate security, Plaintiff and the Class members would not have lost it.

110.   Plaintiff and the Class seek actual and treble damages, injunctive relief, and attorneys' fees and costs for their injury.

COMPLAINT
No. C15-588

- 21 -

Law Offices of
Clifford A. Cantor, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

1

**REQUEST FOR RELIEF**

2        Plaintiff, on behalf of themselves and the Classes set forth herein, respectfully request

3 that the court grant the following relief:

4        A.     Certify this case as a class action pursuant to FED. R. CIV. P. 23(a), (b)(2) and

5 (b)(3), and, pursuant to FED. R. CIV. P. 23(g), appoint Plaintiff as Class representative and her

6 counsel as Class counsel.

7        B.     Award Plaintiff and the Class appropriate monetary relief, including actual and

8 treble damages, restitution, and disgorgement.

9        C.     Award Plaintiff and the Class equitable, injunctive and declaratory relief as

10 maybe appropriate. Plaintiff, on behalf of the Class, seeks appropriate injunctive relief designed

11 to ensure against the recurrence of a data breach by adopting and implementing best security data

12 practices to safeguard subscribers' medical, financial, and personal information and that would

13 include, without limitation, an order and judgment directing Premera to (1) encrypt all sensitive

14 medical, financial, and personal data in all places in which that data is stored; (2) comply with

15 the OPM recommendations and all other applicable industry standards; (3) comply with laws and

16 standards protecting medical data; and (5) directing Premera to provide to Plaintiff and Class

17 members extended credit monitoring services and services to protect against all types of identity

18 theft, especially including medical identity theft, to protect them against the ongoing harm

19 presented by the data breach.

20        D.     Award Plaintiff and the Class pre-judgment and post-judgment interest to the

21 maximum extent allowable.

22        F.     Award Plaintiff and the Class reasonable attorneys' fees and costs as allowable.

23        G.     Award Plaintiff and the Class such other favorable relief as allowable under law

24 or at equity.

25

**JURY DEMAND**

26        Plaintiff demands a trial by jury on all issues so triable.

27

28 COMPLAINT
No. C15-588

- 22 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

Dated: April 14, 2015

s/ *Cliff Cantor*
Cliff Cantor, WSBA # 17893
LAW OFFICES OF CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel:    (425) 868-7813
Fax:    (425) 732-3752
Email:  cliff.cantor@outlook.com

Joseph G. Sauder
Benjamin F. Johns
Joseph B. Kenney
CHIMICLES & TIKELLIS LLP
One Haverford Centre
361 W. Lancaster Ave.
Haverford, PA 19041
Tel:    (610) 645-4717
Fax:    (610) 649-3633
Email:  josephsauder@chimicles.com
            bfj@chimicles.com
            jbk@chimicles.com

Attorneys for Plaintiff

COMPLAINT
No. C15-588

- 23 -